Your Honor, this petition comes before this court today for the correction of several errors at law committed by the immigration judge and the Board of Immigration Appeals below, including but not limited to whether their analysis is consistent with the correctly constructed statute, which is a question only this court can answer, of course. The government has taken the unusual step of declining to respond to the merits of the petition and has instead argued only jurisdictional and procedural bars. And it's the government's position, apparently, that this court need not, in fact, consider any of the merits of this case. The government's wrong about that for at least three reasons. The first one being that this court does, in fact, have jurisdiction. It categorically does have both subject matter and personal jurisdiction over this matter. And I can and should adjudicate it. Second, the petitioner is only raising legal challenges at this stage. Despite the government's contentions to the contrary, the petition does not argue any factual issues. And we're not asking this court to reweigh any facts. So we don't want this court to dig into the record, contradict the board's findings of fact, or even the immigration judge's findings of fact. So because the government is wrong about these jurisdictional and procedural issues, the petitioner would ask that this court reverse the board's determinations both on the particularly serious crime determination and the Convention Against Torture decision for withholding of removal and then remand for either proper application of the correct standard by the board or with instructions to the board that he is, in fact, eligible for withholding in this case. So as to the jurisdictional argument, before we get into the weeds of the law and whether or not this court has jurisdiction, the government's argument on this point proceeds on sort of a fundamental flaw. And that is that it presumes that none of the issues have been raised below. That's not, in fact, the case. The most clear example of this is the Convention Against Torture claim, which was raised before the board. It was stated that de novo review was required by the law was asserted. Nevertheless, the board failed to apply de novo review. And for that reason, that issue has been fully preserved and presented for this court. So that's one example of why this court needs to proceed to the merits regardless, because it has jurisdiction over that claim. Additionally, as far as the statutory construction questions are concerned, at the very least, petitioner did raise the question of the effect of the elements of his underlying conviction on the analysis. And that is to say that even under NAM, he had to, the board had to evaluate the elements of the crime and determine whether they came. You don't think it did that? It nominally stated that the immigration judge did that. The immigration judge also nominally stated that it did it, but neither of them, in fact, if you read their decisions, actually mentioned, discussed, even listed the elements of that crime. Well, they're pretty plain though. The elements of the crime are plain. If you read the statutes for the state statutes, certainly I understand the point that you're making there, but that doesn't mean that the, just because it's, you know, quote unquote obvious that the immigration judge or the board. They said they did. I don't know that we need to argue this point too much, but in any event, there is, there are statements to that effect in those opinions. Isn't that right? Sir, there's statements to the effect that the. They looked at the elements. That the elements are within the ambit. There's no statement as to what those elements are or why they're within the ambit, but yes, you're correct. So all that to say that the issue of the effect of the elements was raised in the proper form and in the correct way before the Board of Immigration Appeals. So we don't concede. Is there any doubt that those elements raised the potential of a PSC? Well, we would argue that they don't raise the PSC in this case. Potential of one. Just, you know, the beginning of the analysis would, if it was done the way you want it, what would have happened? Let me ask you that question. Well, the way that it should have happened is begin and end with the elements and that the elements were simply that there was a previous conviction and that there was the possession of a firearm. So why would it end with those? Well, our argument before this court is that in, you know, not according full Chevron deference to the incorrect interpretation, that it's, in fact, a categorical question and that it should have begun and ended only with a determination of the elements of that crime. And so, well, that, I mean, that's an argument that was not raised below, isn't it? And that's, that precise argument was not raised below, that's right. So it wasn't exhausted, right? Well, our argument is first that it, the elements issue was exhausted, but in the event that it's not exhausted precisely in the way that this, this court deems necessary, it's nevertheless not a jurisdictional issue. This court still has jurisdiction. And of course it can approach the question. We could notice it, but we don't ordinarily do that. I don't know that it's necessarily the case that you ordinarily do or don't do that, but the law permits you to do it. Very rare, in my estimation, in these kinds of circumstances, but I could be wrong. I think that these circumstances are unique. So I certainly don't suggest that you're wrong about the balance of how often that happens, but because of the unique circumstances here, where the issue of the elements was raised within the proper scope, before the proper body, we believe that the issue should be considered by this court, particularly because it's certainly a pure question of law. We're not arguing about any of the underlying facts here at all. We're really just arguing about whether or not the statute is properly interpreted and applied by the board. And because the question of whether that interpretation is according to Chevron deference cannot be determined by the board. That's sort of self-referential and circular to suggest otherwise. This court is the only one that can approach the question of the statutory interpretation and then determine whether or not the board's interpretation is owed that deference under Chevron. So it's not even possible for the petitioner to have asked the board to rule that it was not owed Chevron deference on its own interpretation. But you could have argued, the petitioner could have argued that the board got the law wrong below in light of recent Supreme Court cases, right? So the petitioner could have argued to the board that the immigration judge got the standard wrong. Which in this case, based on the immigration judge's failure to actually undergo an analysis of the elements, the petitioner argued his best case to the board of immigration appeals for how the immigration judge should have undertaken that analysis. And then once the board issued its ruling, then it was time for the petitioner to come to this court. Which is why his remedies have been exhausted properly. So I don't know that the petitioner could have precisely argued the point that we're arguing now to the board about the board's own analysis. If that was your question, Judge Kobitz, and I apologize if I've misconstrued that. So all that to say that this court certainly has jurisdiction and whether or not the exact bounds of the argument before the court in our petition were identical to those raised before the board, it's nevertheless within this court's province to rule on those questions. And in fact, this court is the only one that can rule on the questions raised. Speaking specifically to the jurisdiction question just for a moment, we think it might actually be very important for this court to rectify some tension in this court's case law about whether or not the issue exhaustion question is a matter of jurisdiction or a matter of claim processing. And based on the recent Hamer decision from the U.S. Supreme Court in late 2017, we would argue that this court is uniquely positioned to do that and should take the opportunity to clarify that these issue exhaustion matters are not jurisdictional as it pertains to subject matter or personal jurisdiction. So we talked a bit about the issue exhaustion matter as to why this court should approach the question. The first being that it's purely legal questions. And also that asking the board to try to rule that it somehow not owed Chevron deference is circular and impossible and that only this court can answer that question. But lastly, there's also an exception for futility. And I think that based on the fact that NAM decision had been in place for 10 plus years and that the Ninth Circuit in particular has been reaffirming that decision for quite a bit of time in there, we think it was appropriate for the petitioner to raise his elements arguments in the way that he did before the board. And that any suggestion that he needed to argue that we, you know, go back in time 10 years outside of the context of Chevron deference would have been futile and was not required in order for this court to approach the question. So for all those reasons, we believe that the government's jurisdictional arguments are not availing and that this court has jurisdiction and can and should approach the merits of the argument and adjudicate it. The government has also raised the criminal jurisdiction bar as a procedural bar to this court's consideration of some of the arguments in our opening brief. We would concede of course that the criminal jurisdiction bar as a procedural matter applies to this case because it's coming up from the board of immigration appeals. But as I stated in my opening, all of the challenges that we are bringing at this stage to the board's determination are legal and not factual in nature. So there's no factual finding that we are asking you to revisit. So the criminal jurisdiction bar is not going to affect your analysis in that respect. Well, one of those legal questions is one that I'm quite interested in and that is your argument that that resort was had below to facts that were not reliable in determining that this was a PSC, namely the facts outlined in the charging document. So will you speak to that please? Yes, absolutely. So the immigration judge made a finding of fact that the petitioner was apprehended shortly after attempting to break into an apartment complex. And our argument is that that finding of fact has actually no basis on any quote reliable information which is the standard required by NAM. Because the only point in the entire record that states that is the complaint, the charging document for the underlying possession crime. And if you go back through the record, we even have other information including law enforcement officers reports and so on. And none of them go as far as stating that the apprehension was observed at a previous time by different people, different law enforcement officers trying to open a door and failing. So the allegation made in the charging document is not in any sense evidence or reliable information or otherwise. And the fact that the immigration judge's conclusion was based solely on that document, it's the only document in the record that is cited to by the immigration judge in that decision. Suppose that, I'm sorry, go ahead and finish your sentence. That simple fact means that as a matter of law, there was no reliable evidence under NAM that the immigration judge could have made that finding of fact on. So what's, in your view, what's the necessary consequence of this information being excluded from consideration? What would happen? Could the crime still possibly be a PSC or not? Our argument is that on the facts of this case, it could not, based on the record that we have. Where exactly is the definition of a particularly serious crime? A particularly serious crime is stated in statute. And I apologize, I don't have the citation right. Well, never mind. You don't have much time. Yeah, I apologize, Your Honor. And I would like to reserve some time for rebuttal. So I'll have that citation for you when you come back up. But it is based on statute. Thank you. Ms. Beckett, you may proceed. May it please the court. My name is Stephanie Beckett and I'm representing the U.S. Attorney General in this matter. Due to the criminal jurisdictional bar, this court only has jurisdiction to review legal and constitutional issues. Understandably, Marambo attempts to turn every issue into a legal issue and he attempts to raise new legal issues that he didn't present to the agency. These attempts fail. Starting first with Marambo's attempts to raise issues he didn't raise below, these attempts simply are not permissible. Marambo doesn't really contest that he failed to exhaust his attacks on the board's precedence on the particularly serious crime bar. And indeed, his brief to the board specifically cited the case that he now attacks NAM. Now, in his statement, counsel mentions the fact that he did raise this argument that the IJ didn't consider the elements of the offense at all. He didn't raise this argument, however, in his opening brief. And so that argument's waived before this court. But even if the court could reach that argument, the IJ and the board both stated the elements. Again, they're very simple. The statute prohibits possession of a firearm when someone has been convicted of a crime of violence under state law. The IJ and the board both stated the elements and they both determined that those elements were potentially a particularly serious crime. Now, this court, because of the criminal jurisdictional bar, lacks jurisdiction to determine in the first instance whether the elements are potentially a particularly serious crime. The reason for that is that that is a discretionary determination, not a legal determination. Now, Marambo also argues that he exhausted his arguments that the board should have applied de novo review to his convention against torture claim. But in fact, he repeatedly invoked the clear error standard of review regarding that claim. Surely a general statement that de novo review applies to issues of law isn't enough to preserve the arguments that de novo review applies to any issue that he now wants to bring. So Marambo failed to exhaust the arguments, most of the arguments, that he raises in the brief to this court. This court should take the opportunity to hold that failure to exhaust an issue is a jurisdictional defect. The court has held as much several times. In AGA, the court noted that it lacked jurisdiction over an unexhausted issue, even after engaging with the possibility that issue exhaustion may not be a jurisdictional defect. And in Eshoo Nijong, the court provided a strong argument for thinking that exhaustion is a jurisdictional requirement. Namely, when Congress enacted the statutory exhaustion requirement, it reenacted language that courts, including this court, had consistently held created a jurisdictional requirement to exhaust issues. In the alternative, the court could avoid resolving the issue of whether issue exhaustion is a jurisdictional requirement by implementing the administrative exhaustion doctrine. This case is very similar to Garcia Montezuma. I'm sorry, the what doctrine? The administrative exhaustion doctrine. So the prudential doctrine that an issue must be raised before an agency, before this court will consider it. Garcia Montezuma is very similar in that it refused to reach an unexhausted legal issue, finding that waiver was particularly appropriate because proceedings below were adversarial, the petitioner was represented by counsel, and the petitioner himself had applied the challenged legal standard. All of these conditions apply here. So this court should find that the administrative exhaustion doctrine applies, and it should not find that an exception to the doctrine applies if the court decides that issue exhaustion is not a jurisdictional requirement or declines to reach that issue. Now, it wouldn't be futile for Marambo to raise his unexhausted arguments to the board. The board could reconsider its prior holdings on the particularly serious crime bar, or at least provide further explanation for those holdings, or perhaps modify the holdings in some way. And Marambo doesn't suggest that it would be futile to argue that de novo review applied to his CAT claim. Marambo also suggests that what he really wants is a judicial interpretation of the particularly serious crime bar, not an agency interpretation. But the administrative exhaustion doctrine and the jurisdictional exhaustion requirement in the statute are both designed to prevent this kind of leapfrogging over the administrative agency. If the court does want to reach these unexhausted issues without a remand to the board for it to issues in the first instance, respondents strongly urge that the court allow supplemental briefing on these issues. But notably, every court that has considered the issue has deferred to the board's interpretation of the particularly serious crime bar in NAM. No court has ever applied the categorical approach to the particularly serious crime determination or required the board to perform independent analysis of dangerousness. The only court to find that a particularly serious crime must be an aggravated felony is the Third Circuit. But the Third Circuit didn't have the benefit of NAM in making that decision. Indeed, the Third Circuit recently sua sponte granted en banc review of the case that decided that a PSC must be an aggravated felony. Now, I move on to the exhausted issues. I already dealt briefly with Miranda's arguments about the elements. Judge Arnold, your question about looking to facts and circumstances beyond what's reliable. The board and the IGA both pointed to the facts and circumstances surrounding the arrest, which were laid out in the criminal complaint itself. Clearly, those facts are to the conviction. Although the agency only cited the criminal complaints, there's no indication that it ignored the police reports, which are in fact entirely consistent with the complaints. The complaints stated that the individual was later identified as Barambo. There's nothing in the police reports to indicate that the individual who was pulling on the door was not Barambo. And in fact, one of the police reports notes that the person who was seen pulling on the door matched the appearance of Barambo once he was apprehended. In addition, the agency didn't convict Barambo of some unrelated offense. It didn't consider, okay, well, would attempted burglary be a particularly serious crime? It was considering whether this particular crime of possessing a firearm when he was prohibited from doing so was a particularly serious crime, given the facts and circumstances leading up to the arrest. Now, as to Marambo's exhausted arguments regarding his cat claim, I read the opening brief as essentially asking this court to re-weigh the facts underlying Marambo's cat claim. But Marambo's reply brief disclaims any intent to have the court review that. This court would lack jurisdiction regardless. Now, the only legal argument that Marambo exhausted with the board regarding his cat claim was that the IJA applied an incorrect legal standard in determining whether a public official would acquiesce to his torture. It's not entirely clear whether Marambo is pressing that point again here, but the board clarified the facts of this case. Marambo hasn't suggested that the board applied, the board itself, rather than the IJA, applied the incorrect legal standard regarding acquiescence. The argument on the cat claim, is that, do you think that's a factual argument or an argument of a legal character? I believe that he's mostly raising a factual argument in his opening brief. Even the arguments that DeNova review, that this court should apply DeNova review because the facts are undisputed, is a legal issue, or is, I'm sorry, is a factual issue rather than a legal issue. This court in Levin actually had a statement, the petitioner was making a very similar argument, that undisputed facts and therefore, as a matter of law, I deserve cat relief. Now, so, but if it's a factual issue, we just don't have jurisdiction, right? That's, that's correct, yes. It seems to me that's what, that's the way it was characterized. Yes. In the first place, at least. I, I believe that most of his argument is, just drop out of the case in that case. I believe so. If he is arguing this, this argument, if, if he, if his opening brief, and again, it's unclear to me whether he's raising the, the one legal argument he did raise to the board regarding his cat claim, and that's, that there's a different legal standard that applies when, when considering governmental acquiescence. The court would have jurisdiction to consider that argument. Well, what do you do when the, the attack on the judgment below is, is, is, is made in such a broad way that you can't really tell whether the complaint is one that has to do with a legal error or one that has to do with a factual error, because it matters as, as to whether we have jurisdiction over the argument at all, right? Right. So what is a court supposed to do when it's not clear which kind of complaint is being advanced? Well, I, I think giving... You've got to characterize it somehow if you're going to decide the case, right? Right. I think, I think given the, the jurisdictional bar, Congress has made it very clear it doesn't want this court considering most kinds of claims involving these criminal aliens who have, are removable for committing certain criminal offenses. So I would suggest that it's, the burden is on the petitioner to show that the issue falls within the exception that applies to legal and constitutional claims. Because, because the proponent has the duty to show that there's jurisdiction. Yes. Is that it? So, yeah, I see what you're saying. So unless it's, unless the person quite clearly indicates that the issue that's being raised is a legal one, that person has not, has not asserted that the court has jurisdiction, has not shown that the court has jurisdiction. Yes. Thank you. And if, if there are no further questions, I'll yield my time. All right. I think not. Thank you. Thank you. How much time does Mr. Yoshimura have remaining? One minute and 21 seconds, Your Honor. Okay. Go ahead. Thank you, Your Honor. May it please the court. I'd just briefly like to respond to Judge Arnold and let you know where the statute, statutory language is that's at issue here. And that's 8 U.S.C. 1231 B.3.A. is the statute that includes the language about a particularly serious crime. And I'd refer you to pages 28 to 30 of our opening brief that sets forth our legal argument as to that statute. I have that statute. Thank you. Yes. So in response to a few of the government's submissions during its argument just now, I'd first like to acknowledge that there's a distinction between this case and Garcia Moctezuma in particular, in which case in Garcia Moctezuma, the court held that the petitioner would have lost under either standard. And so it was an academic exercise to approach the question. That's not the case here. And so this court can still approach that question. Next, the government argued that the law enforcement officer's reports were consistent with the complaint. That's not the same thing as saying that the reports have facts in them to the effect that the petitioner was seen trying to open that that was the statement that's made in the complaint. So those are actually not the same statement. Lastly, as to whether it's to clarify in the cat claim, and I'm going to go over just a few seconds, if that's right, your honor, I apologize to clarify why there are factual statements in our opening brief about the cat claim. That's not to say that we want you to reweigh those. It's to demonstrate why there is significant prejudice to the petitioner, because proper de novo review would lead to a different outcome. So that is a legal question that we are presenting to this court at this time. Thank you very much. All right, counsel, thank you for your arguments. The case is submitted and you may stand aside.